**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**MISSOULA DIVISION**

| | |
|---|---|
| GREG GAMACHE, | Cause No. CV-11-00043-M-DWM-JCL |
| Plaintiff, | |
| vs. | RECOMMENDATION AND ORDER |
| The Federal Bureau of Investigation and the Federal Communications Commission, | |
| Defendants. | |

This matter comes before the Court on Plaintiff Greg Gamache's Motion to Proceed in Forma Pauperis (Dkt. 1) and proposed Complaint (Dkt. 2). Gamache is proceeding without counsel.

Permission to proceed in forma pauperis is discretionary with the Court. *See* 28 U.S.C. § 1915(a). Leave to proceed in forma pauperis should be granted if the affidavit sufficiently indicates the affiant cannot pay court costs and still provide the necessities of life for himself and his family. *Adkins v. E. I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948). "A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First*

*Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987).

Gamache is a resident of St. Charles, Missouri and seeks to sue the Federal Bureau of Investigation and the Federal Communications Commission. His Complaint alleges 15,000 people have called both the FBI and the FCC for help when others are using "electronic weapons" on them. He indicates several hundred of these people reside in Montana but he does not identify any such person. He seeks an order requiring the FBI and the FCC to co-investigate these matters whenever they are reported across the entire United States. According to the PACER Case Locator system, Gamache has filed the same or similar lawsuits in 34 other federal district courts since March 8, 2011. (www.pacer.gov)

Gamache's motion to proceed in forma pauperis should be denied because the District of Montana is not the proper venue for Gamache's claims and the claims are frivolous. Venue may be raised by a court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district in or division in which it could have been brought." 28 U.S.C. § 1406(a).

The general venue provisions of 28 U.S.C. § 1391 provide the basis for

-2-

determining the proper venue for this action.  Venue lies in "(1) a judicial district

where any defendant resides, if all defendants reside in the same State" or "(2) a

judicial district in which a substantial part of the events or omissions giving rise to

the claim occurred, or a substantial part of property that is the subject of the action

is situated" unless neither of those provisions provides a proper place for venue.

*See* § 1391(a) and (b).  Gamache resides in Missouri and he does not claim that

any wrongdoing took place against him in the State of Montana.  He has no

standing to raise any claims on behalf of others who may have been similarly

injured.  *O'Shea v. Littleton*, 414 U.S. 488, 494, 94 S.Ct. 669, 38 L.Ed.2d 674

(1974).  As such, this is not a proper venue for this case.

In addition, there is no constitutional duty of government officials to protect

members of the public at large from third parties.  *See DeShaney v. Winnebago

County Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989)("the Due Process Clauses

generally confer no affirmative right to governmental aid, even where such aid

may be necessary to secure life, liberty, or property interests of which the

government itself may not deprive the individual.").

Gamache has a history of filing frivolous lawsuits and has raised the same

claims in 34 other actions filed in federal district courts across the county since

March 8, 2011.  According to the PACER Case Locator system, Gamache has

-3-

filed 44 civil actions and one appeal since December 2, 2010. At least four of those cases were dismissed as frivolous. *See Gamache v. Unknown*, Civil Action No. 4:10cv02273-TIA (E.D. Mo.), filed December 2, 2010, dismissed December 15, 2010 as frivolous; *Gamache v. Various Unknown Individuals Employing Mind Altering Devices*, Civil Action No. 2:2010cv00529-GZS (D.Maine) dismissed January 24, 2011; *Gamache v. Defendant Unknown*, Civil Action No. 4:2011cv4001 (D.Mass), dismissed February 4, 2011; *Gamache v. Unknown Parties*, Civil Action No. 1:2011cv13 (Michigan) dismissed February 8, 2011. Gamache's prior claims all involved requests for investigations of electronic harassment by unknown individuals. His current Complaint is no different.

As such, the Motion to Proceed in Forma Pauperis should be denied. Given the frivolous nature of Gamache's claims and his history of litigation in the other districts, this matter should not be transferred pursuant to 28 U.S.C. § 1406(a). Because Gamache is not entitled to a ten-day period to object, this Order will be entered directly upon endorsement. *See Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam). No motion for reconsideration will be entertained.

While the Court ordinarily gives litigants an opportunity to pay the $350.00 filing fee, it should not do so in this case. Gamache's claims are frivolous. In

-4-

addition, Gamache has a history of abusing the system and filing repetitive, frivolous lawsuits. Gamache knew or should have known, from his previous filings, he probably would not be permitted to proceed in forma pauperis.

Based on the foregoing, the Court **RECOMMENDS** the following Order be issued by Judge Molloy.

DATED this 14th day of March, 2011.

Jeremiah C. Lynch
United States Magistrate Judge

Based upon the above Recommendation by Judge Lynch, the Court issues the following:

## ORDER

1. Plaintiff's Motion to Proceed in Forma Pauperis (Dkt. 1) is **DENIED**.

2. Plaintiff's Complaint (Dkt. 2) is **DISMISSED** and the Clerk of Court shall close the file.

DATED this 21st day of March, 2011.

DONALD W. MOLLOY
United States District Judge

-5-